

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*           *(503) 727-1000*
*Portland, OR  97204-2902*                 *Fax: (503) 727-1117*

*Scott M. Kerin*                           *Scott.Kerin@usdoj.gov*
*Assistant U.S. Attorney*                  *(503) 727-1002*

January 11, 2013

Thomas J. Hester
Assistant Federal Public Defender
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, OR 97204

Re:  *United States v. Calvin Julius Winns*, Case No. 3: 12-CR-231-HZ
     **Plea Agreement Letter**

Dear Mr. Hester:

In an effort to resolve your client's case, the government extends the following plea offer:

1.  **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to:

    A.   Count 2 of his Indictment which charges him with **Interstate Travel for Purposes of Prostitution**, in violation of 18 U.S.C. § 2421; and,

    B.   Count 3 of his Indictment which charges him with **Possession with the Intent to Distribute Marihuana**, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

3.  **Penalties**:  The maximum sentence on **Count 2** is not more than 10 years imprisonment, a fine of $250,000, up to three years of supervised release, and a $100 fee assessment. The maximum sentence on **Count 3** is not more than five years imprisonment, a fine of $250,000, up to two years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant may also be required to register as a sex offender.

Revised 02/03/10

*United States v. Winns*, Case No. 3: 12-CR-231-HZ
Plea Agreement Letter
Page 2

4.  **Dismissal/No Prosecution**: The USAO agrees to dismiss Count 1 at the time of sentencing and not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Summary**: The parties agree that on or about April 26, 2012, in the District of Oregon:

    A.  **As to Count 2**:

        1)  The defendant knowingly and transport an individual ("K.A.") in interstate commerce from the Western District of Washington to the District of Oregon.

        2)  The defendant transported the individual with the intent that she engage in prostitution.

    B.  **As to Count 3**:

        1)  The defendant knowingly and intentional possessed a quantity of marihuana.

        2)  The defendant possessed it with the intent to distribute it to another person.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Offense Level**:

    A.  **Base Offense Level on Count 2**: The parties believe that defendant's **Base Offense Level is 14**, pursuant to U.S.S.G. § 2G1.1(a)(2).

    B.  **Base Offense Level on Count 3**: The parties believe that defendant's **Base Offense Level is 6 (less than 250 grams of marihuana)**, pursuant to U.S.S.G. § 2D1.1(c)(17).

    C.  The government believes that the defendant may be subject to a **multiple count adjustment**, pursuant to Part D, of the U.S.S.G.

*United States v. Winns*, Case No. 3: 12-CR-231-HZ
Plea Agreement Letter
Page 3

8.	**Guidelines Calculations are Estimates Only**: The guideline calculations above are set forth as estimates only and the parties understand that the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties. There is no agreement as to the defendant's criminal history or the applicability of any other sentencing guideline applications, unless expressly stated within this plea offer.

9.	**Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a **two-level reduction** in defendant's offense level (three levels if defendant's offense is greater than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10.	**Sentencing Recommendation**: Pursuant to the sentencing factors outlined in 18 U.S.C. § 3553(a), as long as defendant demonstrates an acceptance of responsibility as explained above, the government will recommend that the Court sentence the defendant to **a term of years within his advisory sentencing guideline range, to be followed by at least three years of supervised release.** The government believes that this is the fair and reasonable sentence.

11.	**Restitution**: Per statute, the Court shall order restitution to the victim identified in the indictment ("K.A.") in the full amount of the victim's losses as required by law and determined by the Court. In this case, the government has not, at this time, received any information concerning restitution.

12.	**Fine:** The government may seek a fine.

13.	**Additional Departures, Adjustments, or Variances**:

	A.	The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

	B.	Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

	C.	Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely

*United States v. Winns*, Case No. 3: 12-CR-231-HZ
Plea Agreement Letter
Page 4

upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum or (2) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

///

///

///

Revised 02/03/10

18.     **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN
Assistant United States Attorney

*United States v. Winns*, Case No. 3: 12-CR-231-HZ
**Acceptance of Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I am satisfied with the legal assistance provided to me by my attorney. I wish to plead guilty because, in fact, I am guilty.

1/22/13
Date

Calvin Julius Winns
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/22/13
Date

Thomas J. Hester
Attorney for Defendant

Revised 02/03/10